UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **Scott Alberd**, <br><br> Plaintiff, <br><br> v. <br><br> **Vehicle Protection Specialists, CarGuard Administration, Inc., and MEPCO Finance Corporation,** <br><br> Defendant. | Case No. <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**Scott Alberd** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Vehicle Protection Specialists, CarGuard Administration, Inc., and MEPCO Finance Corporation** (Defendants):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants conduct business in the State of Tennessee.

1

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Columbia, Tennessee, 38401.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Vehicle Protection Specialists ("VPS") is a business entity with a mailing address at 6789 Quail Hill Parkway, Suite 535, Irvine, California 92603.

8. Defendant CarGuard Administration, Inc. ("CarGuard"), a business entity with principal place of business and mailing address at 4901 W. 136th Street, Leawood, Kansas 66224.

9. Defendant MEPCO Finance Corporation ("MEPCO") is a business entity with principal place of business and mailing address at 205 North Michigan Avenue, Suite 2200, Chicago, Illinois, 60601, and can be served through its registered agent at Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

10. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

11. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

12. CarGuard provides extended warranty services to consumers.

13. To generate business through sales, CarGuard relies on telemarketing services conducted by third parties.

14. One of CarGuard's strategies for telemarking involves the use of an automatic telephone dialing system ("ATDS") to solicit business by third parties.

15. VPS placed repeated calls to Mr. Alberd on his cellular phone ending in 6550, attempting to sell Plaintiff a CarGuard automobile warranty.

16. Plaintiff never sought information about a motor vehicle warranty and did not consent to the calls from any Defendant in this matter.

17. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

18. Plaintiff's cellular telephone number ending in 6550 has been on the Do Not Call Registry since February 16, 2007.

19. When placing these calls to Mr. Alberd, VPS used an automated telephone dialing system and/or a pre-recorded message.

20. Plaintiff knew VPS was using an automated telephone dialing system and/or a pre-recorded message as Defendant's calls began with a noticeable pause or delay and/or pre-recorded message before Plaintiff spoke with a live agent.

21. When Plaintiff spoke with a live individual, he was provided a customer service number to call back, 844-474-3386.

22. The number ending in 3386 belongs to Defendant VPS.

23. During these calls Plaintiff was solicited for a CarGuard warranty and advised that Defendant MEPCO would provide a payment plan.

24. Upon information and belief, Defendants MEPCO and CarGuard, authorized Defendant VPS to solicit and generate prospective customers, and enter into contracts on their behalf with those prospective customers.

25. The actions described herein were in violation of the TCPA.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Scott Alberd,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c);

g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Scott Alberd,** demands a jury trial in this case.

Respectfully submitted,

Dated: 04/01/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com